Orsin **TURMALAJ,** Petitioner,

v.

Alberto **GONZALES,** Attorney General, Respondent.

No. 05–4672–ag.

United States Court of Appeals, Second Circuit.

May 24, 2006.

Aleksander B. Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, Bradley W. Murphy, Assistant United States Attorney, Springfield, Illinois, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 24th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision is VACATED and the case is REMANDED for further proceedings consistent with this order.

Orsin Turmalaj, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Michael W. Straus's decision denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Title 8, Section 1158(a)(3) of the United States Code provides, *inter alia,* that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). We do not disturb the BIA's affirmance of the IJ's decision to pretermit Turmalaj's asylum application because we find no legal or constitutional questions presented in this case that would warrant judicial review.

However, we do review Turmalaj's eligibility for withholding of removal and relief under the CAT. Here, the IJ's denial of relief was based on an adverse credibility determination that is not supported by substantial evidence.

■ First, the IJ relied heavily on statements Turmalaj made at his asylum interview to assess his credibility. Although we have held that "the imperative to 'closely examine' the reliability of asylum interviews is not as pressing as it is in the airport interview context," *Diallo v. Gonzales,* 445 F.3d 624, 632 (2d Cir.2006), an IJ and the BIA are nonetheless required "carefully to consider the reliability of asylum interviews." *Id.* Here, the record indicates that the asylum officer only summarized Turmalaj's statements. It did not describe the specific questions asked or provide anything like a verbatim account of the proceeding. *See id.* at 632–33. Turmalaj testified that he had experiences with interrogations and torture in Albania, which could reasonably have made him reluctant to disclose the details of his story to the asylum officer. Specifically, Turmalaj testified that during his interrogations, the police "beat me up if I didn't answer." The IJ failed to evaluate these factors or discuss how they affected the reliability of the officer's account of Turmalaj's asylum interview. Accordingly, we find that the IJ erred in relying on discrepancies between the asylum officer's assessment and Turmalaj's otherwise consistent statements. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005).

The IJ also erred in basing the credibility determination in part on finding that Turmalaj's statements about his first arrest were inconsistent with his asylum application. The record indicates that Turmalaj testified at his hearing that he was beaten, taken to a police station, and held for four or five hours after protesting at a

rally outside of his Catholic Church. In his asylum application, Turmalaj stated that the police beat protestors at the rally, arrested him and took him to the police station, interrogated, tortured and detained him for an unspecified amount of time, then released him because he was young and injured. These two accounts of his arrest are not contradictory.

■ Next, the IJ erred in finding that Turmalaj's testimony that he decided to leave Albania after he was arrested in March 2001 was contradicted by his gathering of evidence well in advance of that date. The IJ failed to distinguish between Turmalaj's preparations to leave Albania, and his definitive decision to depart. Additionally, we have held that an IJ should not treat "the decision-making process that an asylum applicant undergoes in deciding whether to leave one's friends, family, and country forever as if it were a mathematic equation—impersonal, predictable, and static—. . . [where] the reality [is] that the decision to seek asylum is a process that, for many applicants, is personal, inscrutable, and dynamic." *Pavlova v. INS,* 441 F.3d 82, 89 (2d Cir.2006).

Finally, the IJ found that it was implausible that the Catholic Church would have no reaction to the beating and arrest of from 500 to 1,000 Catholic protestors in Albania. The IJ also noted that "there is absolutely no corroboration about it," and concluded that the police were not persecuting Catholics, but were simply disbursing a rally. We do not find error in this finding, as the newspaper article Turmalaj submitted as corroboration placed the number of protestors at 30 and does not mention whether or how police disbursed them.

However, because the adverse credibility determination is flawed in all respects but one, we cannot confidently predict the same result absent the errors. *See Xiao*

*Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Although the IJ's analysis and errors concerned Turmalaj's claim of asylum, which was pretermitted in this case, they are determinative here because the IJ found that Turmalaj failed to establish his eligibility for withholding because he could not meet the lower burden of proof for asylum. Similarly, the IJ's CAT analysis incorporates in large part the flawed adverse credibility determination. Finally, because the IJ's pretermission of Turmalaj's asylum application may also have been based at least in part on the erroneous adverse credibility finding, the BIA may wish to reconsider its decision to uphold the IJ's decision to deny Turmalaj's asylum application as untimely filed.

Therefore, based on the foregoing reasons, Turmalaj's petition for review is GRANTED, the BIA's decision is VACATED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).